**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190652-U

Order filed February 16, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-19-0652 |
| v. | ) | Circuit No. 19-CM-1442 |
| | ) | |
| MATTHEW H. RICE, | ) | |
| | ) | Honorable Cory D. Lund, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Daugherity and McDade concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The evidence was sufficient to prove beyond a reasonable doubt that defendant did not act in self-defense when he committed the offense of criminal damage to property.

¶ 2    Defendant, Matthew H. Rice, appeals his conviction of criminal damage to property. He argues that the Will County circuit court failed to consider his self-defense claim for the criminal damage to property charge, and the evidence was insufficient to conclude beyond a reasonable doubt he did not act in self-defense. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4         The State charged defendant with battery (720 ILCS 5/12-3(a)(1) (West 2018)) and criminal damage to property (*id.* § 21-1(a)(1)). The complaint alleged that defendant, without legal justification, knowingly caused bodily harm to Geneva McKinley by striking her in the face with a socket wrench. The charging instrument also alleged that defendant damaged McKinley's windshield by striking it with a Starbucks drink can, with the damage not exceeding $500.

¶ 5         The evidence presented at trial established that an altercation between defendant and McKinley occurred on July 4, 2019. Defendant and McKinley had been in a relationship that had begun to deteriorate. On the date of the incident, defendant and McKinley engaged in an argument while defendant performed maintenance on his truck, which was parked outside McKinley's apartment.

¶ 6         McKinley testified that she had been in a relationship with defendant for approximately nine months. She told defendant on the day of the incident that he had to get a job, go to school, or "he was going to get gone out of [her] life," which caused the argument. Defendant told McKinley to gather his belongings from her apartment. When she brought his belongings outside, one bag containing unopened Starbucks cans ripped, and the cans fell out. Defendant picked up one can and threw it at her, but she ducked. The can hit and damaged the windshield of her vehicle, which was parked next to defendant's truck. McKinley testified defendant then hit her with a socket wrench on both temples and strangled her, dragging her to the back of defendant's truck. When he released her, McKinley entered her apartment and called the police.

¶ 7         Defendant testified that he had asked McKinley to bring him his belongings from her apartment. McKinley collected his belongings and threw them in the back of defendant's truck. McKinley then asked defendant for money, and defendant refused. Defendant and McKinley

argued, and McKinley stabbed his hand. Defendant ran to the other side of his truck to get away from McKinley. McKinley followed him. From the front of his truck, defendant threw a Starbucks can at McKinley, who ducked. The can hit and cracked McKinley's windshield. Defendant hit McKinley in the face, causing her to drop the knife. Once he disarmed McKinley, defendant ran to the back of his truck to close the hatch, entered his truck, and left the scene. Defendant testified he acted in self-defense and that McKinley was the aggressor. On cross-examination, defendant admitted the location where the altercation occurred opened into an alleyway that he could have run down to get away from McKinley. Defendant remained until he could reach his truck and drive away from the scene.

¶ 8        Officer Gregory Humphrey testified that he was dispatched to McKinley's apartment. He observed the crack in McKinley's windshield and injuries on McKinley's lip and face. McKinley told Humphrey that defendant damaged the windshield with the socket wrench. Humphrey then went to the hospital where defendant was being treated for a cut to his hand. There, defendant told Humphrey he was stabbed by McKinley and that he left the scene because he did not want to involve the police.

¶ 9        The circuit court found defendant not guilty of battery, stating there was "too much doubt about who [was] saying what." The court found defendant's testimony where he admitted to throwing the can and that it possibly could have damaged the windshield was sufficient to find defendant guilty of criminal damage to property. It sentenced defendant to 364 days in jail. Defendant appeals.

¶ 10                                II. ANALYSIS

¶ 11       Defendant argues the State failed to prove beyond a reasonable doubt that he committed criminal damage to property as the evidence established that he acted in self-defense. Specifically,

3

the State failed to disprove that defendant believed he was in imminent danger, and the evidence established that defendant was justified in throwing the unopened can at McKinley.

¶ 12    In a challenge to the sufficiency of the evidence, we will not retry defendant. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). " '[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). When evaluating the sufficiency of the evidence, we will defer to the trier of fact on matters of witness credibility, or the weight afforded to each witness's testimony. *People v. Carraro*, 67 Ill. App. 3d 81, 85 (1979).

¶ 13    The State charged the defendant with criminal damage to property. See 720 ILCS 5/21-1(1)(a) (West 2018). To sustain defendant's conviction, the State needed to prove beyond a reasonable doubt that defendant knowingly damaged McKinley's property. See *id.* Defendant asserts that the State failed to satisfy its burden because the evidence established that he acted in self-defense.

¶ 14    A claim of self-defense must meet six elements: (1) unlawful force was threatened against a person, (2) the aggressor is not the person threatened, (3) the danger of great bodily harm was imminent, (4) the use of force was necessary, (5) the person threatened actually and subjectively believed a danger existed, and (6) the beliefs of the person threatened were objectively reasonable. *People v. Lee*, 213 Ill. 2d 218, 225 (2004). Once a defendant raises a claim of self-defense, the State bears the burden to prove beyond a reasonable doubt that defendant did not act in self-defense. *Id.* The State satisfies this burden if it negates any of the six elements beyond a reasonable doubt. *Id.* Where a defendant contends on appeal that the State failed to negate a claim of self-defense, we must ask whether, after considering the evidence in the light most favorable to the

4

State, any rational trier of fact could have found beyond a reasonable doubt that the defendant did not act in self-defense. *Id.*

¶ 15    Viewing the evidence in the light most favorable to the State, defendant's claim is without merit. If we accept defendant's contention that McKinley was the initial aggressor as true, a rational trier of fact could still find beyond a reasonable doubt that defendant did not act in self-defense. Defendant was not objectively in imminent danger, and the use of force was not necessary or justified. Defendant admitted that he threw the can and that it struck the windshield of McKinley's vehicle. While defendant points out a nonaggressor is under no duty to retreat before using justifiable force to protect himself, he was not in danger when he threw the can. See *People v. Estes*, 127 Ill. App. 3d 642, 649 (1984). Defendant was not in close enough proximity to McKinley to be in imminent danger, and he acknowledged that he could have removed himself from the situation by running down the alleyway. Nevertheless, he remained at the scene and threw a can at McKinley, missing her but hitting and damaging the windshield of McKinley's vehicle. Defendant also remained at the scene after disarming McKinley so he could finish loading his truck before he left the parking lot, further demonstrating defendant was not in danger at the time of the incident. Therefore, the force employed was not justified under the circumstances. We find the State reasonably disproved defendant's self-defense claim.

¶ 16    In reaching this conclusion, we recognize that both defendant's and McKinley's credibility were imperfect. However, defendant's own testimony defeats his claim of self-defense. As discussed above, defendant admitted that he had a means to escape the situation by running down the alley. Indeed, defendant initially ran away from McKinley after she stabbed him, but instead of continuing down the alley, he turned and threw a can at McKinley. We conclude the State

5

presented sufficient evidence to prove beyond a reasonable doubt that defendant did not act in self-defense.

¶ 17                                III. CONCLUSION

¶ 18        For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 19        Affirmed.